UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACLYN SHOFNER,

          Plaintiff,

      v.

BRANDING IRON HOLDINGS, INC.,
HOLTEN MEATS, INC. and BRANDY
MORMINO,

          Defendants.

Case No. 15-cv-1166-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6) filed by defendants Branding Iron Holdings, Inc. ("Branding Iron"),

Holten Meats, Inc. ("Holten Meats"), and Brandy Mormino (Doc. 9).   Plaintiff Jaclyn Shofner has

responded to the motion (Doc. 20).

**I.**      **Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations

in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).   To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a

complaint must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2).   This requirement is satisfied if the complaint (1)

describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the

grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a

speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).   "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

II.    **Facts**

In her complaint, Shofner alleges that she was employed by Branding Iron and Holten Meats, and that Mormino was her supervisor.   She claims that she requested leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, on August 19, 2014, as a result of a serious health condition, which she does not identify, and that her employers discharged her because she asked for and took that leave.   Shofner's employers sent her a letter dated August 25, 2014, indicating she had been discharged effective August 21, 2014.

Shofner also claims she is disabled as that term is understood in the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and that she is disabled or handicapped as those terms are understood in the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.* She does not state what her disability or handicap is.   She alleges that her employers and Mormino discriminated against her, harassed her and created a hostile work environment because of her disability.   She also claims they terminated her employment and took "other adverse employment actions" because of her disability and in retaliation for her complaints to her supervisors about the harassment and hostile work environment because of her disability.   Shofner claims her termination was actually brought about by Mormino, who acted with malice and personal animosity and in her own best interests rather than Branding Iron's.

On February 16, 2015, Shofner filed a charge against Branding Iron and Holten Meats with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC").   In it, she claims her employers discriminated against her and harassed her using comments, statements and inappropriate actions or inactions because of her disability. She also claims they retaliated against her for complaining about discrimination and for requesting

3

and using benefits under the FMLA.   At her request, the EEOC issued Shofner a letter dated June 8, 2015, indicating the EEOC was unlikely to complete its investigation within 180 days and was therefore terminating its proceedings and notifying her of her right to sue.

On February 18, 2015, Shofner filed a charge against Mormino with the IDHR.   In it, she complains of the same things she listed in her EEOC complaint, plus a charge that Mormino intentionally interfered with her economic relationship with her employer.   On July 7, 2015, upon Shofner's request that her charge be withdrawn, the IDHR closed her case.

On September 4, 2015, Shofner filed this lawsuit in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.   She alleges causes of action under the FMLA against Branding Iron and Holten Meats (Counts I and VI), under the ADA for discrimination, harassment and retaliation against Branding Iron and Holten Meats (Counts II, III, VII and VIII), and under the IHRA for discrimination, harassment and retaliation against all three defendants (Counts IV, V, IX, X, XII and XIII).   She also alleges a state law cause of action for intentional interference with economic relationship against Mormino (Count XI).   In light of the federal causes of action in the complaint, the defendants removed the case to this Court on October 21, 2015.   They now ask the Court to dismiss Shofner's complaint on the grounds that it fails to state a claim because it lacks sufficient factual allegations and because it demonstrates Shofner failed to exhaust her administrative remedies as to her claims under the IHRA.

## III.   Analysis

### A.   Sufficiency of Factual Allegations

The defendants argue that Shofner has not done anything more than pled labels and conclusions, which *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), says is not enough to

withstand dismissal for failure to state a claim.   Shofner, on the other hand, notes that the liberal federal pleading standard of Rule 8(a) requiring only a "short and plain statement of the claim showing the pleader is entitled to relief" continues to apply, and that her complaint is sufficient to give the defendants notice of her claim so they can begin to investigate.   Shofner further asks the Court to allow her to amend her complaint if the Court finds it inadequate.

The Court is cognizant that even after the tightening of the federal notice pleading standard implemented by *Bell Atlantic* and confirmed by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to plead a simple discrimination claim, a plaintiff need only allege the specific adverse employment action and that it was on the basis of an impermissible factor.   *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-84 (7th Cir. 2008); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 782 (7th Cir. 2007).   "[T]here is no further information that is both easy to provide and of clear critical importance to the claim."   *Concentra*, 496 F.3d at 782.   Thus, it remains true that "in order to prevent dismissal under Rule 12(b)(6), a complaint alleging . . . discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" the impermissible factor.   *Tamayo*, 526 F.3d at 1084 (citing *Concentra*, 496 F.3d at 781-82). Pleading FMLA and other retaliation claims are likewise not difficult to plead with the requisite detail.

Nevertheless, the Court is uncomfortable finding Shofner's complaint sufficient.   First, nowhere does she even identify what her alleged disability or handicap is, a critical fact in this case.   If the defendants are to be expected to defend an allegation of discrimination or failure to provide leave to an employee with a serious medical condition, at a minimum they should be informed of the condition that is alleged to be the basis of their wrongful decision.   Additionally,

5

while Shofner mentions her termination, which is a sufficient adverse action under the pleading standards as described in *Tamayo*, she does not plead any facts plausibly suggesting she was subject to a hostile work environment.   Similarly, she alleges she suffered "other adverse employment actions" in addition to termination, as retaliation but she does not identify what those actions were.   Nor in her retaliation claims does she plead anything more than a general allegation of retaliation for reporting some unspecified conduct.   Similar allegations were found insufficient to state a retaliation claim in *Concentra*, 496 F.3d at 781 ("[A] plaintiff . . . alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected.").   She need not plead lots of details – names, dates, places, etc. – but she should say at least something about what made her workplace hostile, what it was she complained about and what happened to her (other than termination) because she made a complaint.   Finally, Shofner's allegations against Mormino in her intentional interference with economic advantage claim do not plausibly suggest a right to relief.

Because it would be nearly impossible for the defendants to begin an internal investigation of the circumstances surrounding Shofner's employment and its termination without these basic facts, the Court finds Shofner's complaint does not satisfy federal notice pleading standards. Accordingly, it will be dismissed without prejudice and with leave to amend.

B.   Exhaustion of Administrative Remedies

As a preliminary matter, exhaustion of administrative remedies is a prerequisite to suit under the IHRA.   *Baizar v. Moy*, No. 15 C 8292, 2016 WL 772861, at *2 (N.D. Ill. Feb. 29, 2016) ("A plaintiff must comply with the IHRA's exhaustion requirement and pursue administrative remedies before bringing an IHRA claim in a civil action."); *see Anderson v. Centers for New*

*Horizons, Inc.,* 891 F. Supp. 2d 956, 960 (N.D. Ill. 2012) (dismissing IHRA claim for failing to exhaust administrative remedies).   The administrative remedy procedure for employment discrimination cases, including cases alleging disability discrimination, harassment and retaliation, are set forth in 775 ILCS 5/7A-102.   *See* 775 ILCS 5/7A-101 (applying Article 7A procedures to employment discrimination under the IHRA); 775 ILCS 5/2-102(A) (prohibiting employers from setting terms and conditions of employment or discharging on the basis of "unlawful discrimination"); 775 ILCS 5/6-101(A) (prohibiting retaliation against a person for opposing what she reasonably believes is "unlawful discrimination"); 775 ILCS 5/1-103(Q) (defining "unlawful discrimination" to include discrimination because of a disability).

That administrative remedy procedure requires that IHRA claims be initiated with a charge filed with the IDHR, 775 ILCS 5/7A-102(A). , or with the EEOC, in which case the charge will be deemed to have been filed with the IDHR, 775 ILCS 5/7A-102(A-1).   The charge must be filed within 180 days of the date of the alleged civil rights violation.   775 ILCS 5/7A-102(A)(1); 775 ILCS 5/7A-102(A-1)(1).

If the EEOC investigates the claim and comes to a decision or terminates its proceedings, it issues the complainant a notice of her right to sue, commonly called a "right to sue letter."   775 ILCS 5/7A-102(A-1)(1)-(3).   The complainant must then notify the IDHR of the EEOC's determination/right to sue letter, and the IDHR should issue its own report within 365 days of the EEOC letter.   *Id.*; 775 ILCS 5/7A-102(G)(1).   With its report, the IDHR will issue its own type of right to sue letter notifying the complainant that within 90 days of receiving the letter she may file a lawsuit or file a complaint with the Illinois Human Rights Commission ("IHRC").   775 ILCS 5/7A-102(A-1)(1)-(3).   The complainant may also file a lawsuit or a complaint with the

IHRC if the IDHR does not issue a report within the 365-day period.   775 ILCS 5/7A-102(G)(2).

For charges filed with the IDHR only, the IDHR must issue a report within 365 days of the charge, 775 ILCS 5/7A-102(G)(1), which is reviewed by the IDHR director, 775 ILCS 5/7A-102(D).   Generally, the complainant has 90 days from notice of the director's decision to file a lawsuit or file a complaint with the IHRC.   775 ILCS 5/7A-102(C)(4); 775 ILCS 5/7A-102(D)(3)-(4).   Again, if the IDHR has not issued a report within 365 days of the charge, the complainant may file a lawsuit or file a complaint with the IHRC within 90 days of the end of the 365-day period.   775 ILCS 5/7A-102(G)(2).

While this general description of the process does not cover all its intricacies, the bottom line is that, in order to bring a lawsuit under the IHRA, the plaintiff must have a final report and right to sue letter from the IDHR or 365 days must have passed without a report since the IDHR received the charge or the EEOC's decision from the complainant.   *See Rabe v. United Air Lines, Inc.*, 971 F. Supp. 2d 807 (N.D. Ill. 2013).

The failure to exhaust administrative remedies is an affirmative defense.   *See Mosely v. Board of Educ. of City of Chi.*, 434 F.3d 527, 533 (7th Cir. 2006).   Thus, it is the defendants' burden to prove Shofner failed to exhaust her remedies; it is not her burden to plead facts to overcome that defense.   *See Independent Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 935 (7th Cir. 2012) (plaintiff not required to plead around affirmative defense); *Mosely,* 434 F.3d at 533 (plaintiff "had no obligation to allege facts negating an affirmative defense in her complaint").   Nevertheless, if the plaintiff pleads too much – that is, if she alleges fact showing her claim is defeated by an affirmative defense – dismissal under Rule 12(b)(6) is appropriate. *Independent Trust*, 665 F.3d at 935; *Mosely*, 434 F.3d at 533 (dismissal under Rule 12(b)(6) is

appropriate "if the allegations of the complaint in the light most favorable to the plaintiff show that there is no way that any amendment could salvage the claim"); *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing that affirmative defense defeats his claim).   "[W]here . . . materials properly considered on a motion to dismiss under Rule 12(b)(6) demonstrate a failure to [exhaust administrative remedies], dismissal under Rule 12(b)(6) is proper." *Smuk v. Specialty Foods Grp., Inc.*, No. 13 C 08282, 2015 WL 135098, at *1 (N.D. Ill. Jan. 9, 2015) (citing *Anderson,* 891 F.Supp.2d at 960.

The Court now turns to the question of whether the materials properly considered in connection with this motion show that Shofner failed to exhaust her administrative remedies on her IHRA claims.   In making these inquiries, the Court considers the administrative materials attached to Shofner's complaint.   *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (allowing consideration of exhibits to complaint when deciding Rule 12(b)(6) motion).

1.   Branding Iron and Holten Meats

Branding Iron and Holten Meats argue that the June 8, 2015, EEOC right to sue letter attached to Shofner's complaint is insufficient to show she exhausted her administrative remedies for her IHRA claims.   Shofner claims she cannot obtain the proper exhaustion documentation from the IDHR because the EEOC never sent notice of its termination of her charge to the IDHR.

It is true that a right to sue letter from the EEOC does not evidence exhaustion of administrative remedies of an IHRA claim before the IDHR.   *See Ocampo v. Remedial Envtl. Manpower, Inc.*, No. 13-CV-06283, 2014 WL 2893190, at *4 (N.D. Ill. June 26, 2014). However, as noted above, it is not Shofner's burden to plead or attach documentation regarding exhaustion of her administrative remedies, and dismissal is not warranted because she failed to do

that.

     While it is highly unlikely that, if she has not already received a decision from the IDHR as she claims in her response brief, she will be able to obtain one nine months after the EEOC issued its right to sue letter, she is entitled to try since the pleadings do not establish she cannot get such a decision.   The Court notes that it was Shofner's burden to provide the IDHR with notice of the EEOC's termination of her claim and her right to sue letter within 30 days of that determination; it was not the EEOC's burden to communicate its decision to the IDHR.   775 ILCS 5/7A-102(A-1)(1) & (3).[1]   If she has received no report from the IDHR, it is likely it is because the IDHR is not aware that the EEOC proceedings have terminated.

     2.    <u>Mormino</u>

     Mormino asks the Court to dismiss Shofner's IHRA claims against her with prejudice because she withdrew her IDHR charge rather than completing the exhaustion process.   *See* 56 Ill. Adm. Code 2520.380.   She notes that Shofner has attached to her complaint a letter from the IDHR closing the proceeding based on Shofner's request to withdraw the charge.   Shofner claims the order of closure is a final appealable order that she can pursue in court.

---

[1] 775 ILCS 5/7A-102(A-1)(1) states, in pertinent part, "*the complainant* must submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on complainant."   Similarly, 775 ILCS 5/7A-102(A-1)(3) placed the burden on the complainant:

> For those charges alleging violations within the jurisdiction of both the EEOC and the Department and for which the EEOC either (i) does not issue a determination, but does issue the complainant a notice of a right to sue, including when the right to sue is issued at the request of the complainant, . . . and if the Department is timely notified of the EEOC's determination *by complainant*, the Department shall notify the parties that the Department will adopt the EEOC's determination as a dismissal for lack of substantial evidence unless the complainant requests in writing within 35 days after receipt of the Department's notice that the Department review the EEOC's determination.

(emphasis added).

"It is well-established that a complainant who voluntarily withdraws a charge before the IDHR issues a final order addressing whether there is substantial evidence supporting the alleged civil rights violation has failed to exhaust her administrative remedies."   *Vroman v. Round Lake Area Sch.-Dist.*, No. 15 C 2013, 2015 WL 7273108, at *2 (N.D. Ill. Nov. 18, 2015) (citing *Anderson v. Centers for New Horizons, Inc.,* 891 F. Supp. 2d 956, 960 (N.D. Ill. 2012)).   The allegations in and attachments to the complaint show that Shofner fits perfectly within this rule with respect to her IHRA claims against Mormino.   Consequently, as an alternative basis for dismissal, the Court dismisses those claims without prejudice for failure to exhaust administrative remedies.   *See Greene v. Meese*, 875 F.2d 639, 643 (7th Cir.1989) (dismissal should be without prejudice for failure to exhaust administrative remedies).

## IV.    Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the defendants' motion to dismiss (Doc. 9);

- **DISMISSES** Shofner's complaint **without prejudice**; and

- **ORDERS** that Shofner shall have up to and including April 8, 2016, to file an amended complaint that cures the deficiencies noted in this order.

**IT IS SO ORDERED.**
**DATED:   March 8, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

11