# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| **JACLYN SHOFNER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-01166-JPG-DGW |
| | ) |
| **BRANDING IRON** | ) |
| **HOLDINGS, INC., et al.,** | ) |
| | ) |
| Defendants. | ) |

### STIPULATED PROTECTIVE ORDER

Now pending before the Court is the Consent Motion for Protective Order filed by Defendants on March 23, 2016 (Doc. 22). Good cause having been shown, the Motion is **GRANTED**.

The following is hereby **ORDERED**:

1. Subject to this Order and other orders of the Court, the parties are hereby granted the right to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996,Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of Plaintiff, as well as any and all information relating to the provision of health care to Plaintiff and payment for the provision of such health care.

2. This Order authorizes any third-party who is provided with a request, pursuant to authorization for release or subpoena, for the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This Order is intended to authorize such disclosures under the privacy

1

regulations issued pursuant to HIPAA.  45 C.F.R. §164.512(e)(1)(i).

3. The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this Order for any purpose other than this action.

4. The parties also understand and acknowledge that Plaintiff may request or has requested information from Defendants that is confidential and proprietary in nature, including personnel files or information that, by its disclosure, would give competitors of Defendants a competitive advantage.  Defendants may designate such documents as confidential.  The parties also acknowledge and understand that Defendants will request medical or employment records from Plaintiff or her treating professionals or current or former employers, and that Plaintiff has designated such documents as confidential.  To the extent Defendants receive Plaintiff's medical or employment records pursuant to authorization for release or subpoena, Defendants agree to provide Plaintiff a copy of those records.  Plaintiff has designated the records as confidential under this order.

5. The parties and their counsel shall not use any documents or information designated confidential under this order for any purpose other than in relation to the preparation and/or trial of this case.

6. All documents and/or information produced by the parties, which are designated and protected as confidential and/or proprietary pursuant to this Protective Order, shall be individually marked and designated as confidential on each and every page, or as provided under paragraph 4.

7. The parties and their attorneys shall not disclose or permit to be disclosed any document or information contained therein to any person other than (a) a party; (b) an office or

staff employee of the parties' counsel; (c) a witness or deponent in this matter; (d) this Court and court personnel; or (e) an expert retained or utilized by Plaintiff's counsel or Defendant's counsel to whom it is necessary that the material be shown solely for the purposes of this litigation; and provided that all of the foregoing are made aware that the confidentiality provisions of the Protective Order shall extend to them and prohibit their disclosure of such information or documentation.

8. The parties and their attorneys shall take all steps reasonably necessary to ensure that no person provided access to confidential documents or information produced in accordance with this Protective Order shall use, disclose or record such document or information for any purpose other than the preparation or conduct of this case.

9. Nothing contained in this Stipulated Protective Order shall prevent disclosure of information or documents designated as "confidential" beyond the terms of this Protective Order if the parties, upon reasonable advance notice, in writing, consent to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

10. The inadvertent or unintentional disclosure of confidential documents or information, regardless of whether the information was designated at the time of disclosure, shall not be deemed to waive, in whole or in part, any of the parties' claims of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

11. No objection shall be interposed at deposition that an answer would elicit confidential information. Portions of the transcripts that discuss or reference the confidential material will be treated as confidential for the above mentioned 10-day period. Any portions of a

transcript designated confidential shall thereafter be treated as confidential in accordance with this Order.

12.     Any confidential designation is subject to challenge by any party. Before submitting any motion or objections to a confidentiality designation with the Court, the objection party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.

13.     Nothing in this Protective Order shall be construed as preventing the use of any Confidential Information in any court filing or at trial. Prior to the trial of this case, counsel for both parties shall seek to reach agreement on the handling at trial of documents designated as confidential so as to provide the maximum protection possible against public disclosure without in any way infringing on the rights of all parties to present all evidence they deem necessary at trial, and the parties shall submit such agreement, or proposals if no agreement can be reached, to the Court for its consideration.

14.     Insofar as the provisions of this or any other Protective Order entered in this action restricts the communication and use of the information or documents produced thereunder, this and any other order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in any proceeding before the Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the other party or further order of the Court with respect to dissolution or modification of this or any such Protective Order.

15.     This Stipulation and Order shall not be construed as a waiver of any objections that may be made at trial to the admissibility of any evidentiary material.

16. No party shall file any document or exhibit under seal without first seeking and receiving the Court's permission.

        Brunton Law Offices, P.C

        /s/ Michael J. Brunton
        Michael J. Brunton, #6206663
        Mary M. Stewart, #6200773
        819 Vandalia (HWY 159)
        Collinsville, Illinois 62234
        (618) 343-0750 – Telephone
        (618) 343-0227 - Facsimile
        *Attorneys for Plaintiff*

        And

        McMAHON BERGER, P.C.

        /s/ Brian M. O'Neal
        Bryan D. LeMoine, 6275358
        Brian M. O'Neal, 6287007
        2730 North Ballas Road, Suite 200
        P.O. Box 31901
        St. Louis, MO 63131-3039
        (314) 567-7350 – Telephone
        (314) 567-5968 – Facsimile
        *Attorneys for Defendants*

**IT IS SO ORDERED.**

**DATED: March 17, 2016**

        *[signature: Donald G. Wilkerson]*

        **DONALD G. WILKERSON**
        **United States Magistrate Judge**